***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Glenn.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. The parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. Plaintiff was incarcerated at Caledonia Correctional Institution, North Carolina Department of Correction, at the time of the alleged incident in this action.
3. The issues to be determined from this hearing are as follows:
(a) Whether defendant was negligent;
(b) If so, whether defendant's negligence was the cause of any damages suffered by plaintiff; and,
(c) What damages, if any, should plaintiff recover from defendant?
4. The Pre-Trial Agreement along with its attachments and any stipulations that have been submitted by the parties are hereby incorporated by reference as though they were fully set out herein.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On December 14, 2000, plaintiff was an inmate assigned to Caledonia Correctional Institution. Plaintiff was appointed to a work detail and was told that he would start working on December 15, 2000.
2. On December 15, 2000, while working on the cement crew, plaintiff claims to have injured his lower back while digging and driving stakes into the ground.
3. Plaintiff was provided with medical care following his injury.
4. Plaintiff was still an inmate in the custody of defendant at the time of the hearing before the Deputy Commissioner.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to show that the named employees or agents of defendant were negligent. N.C. Gen. Stat. § 143-291(a).
2. Plaintiff has failed to prove by the greater weight of the evidence that the actions of defendant's employees or agents were the proximate cause or contributing cause of any injuries received by plaintiff. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiffs action is dismissed with prejudice.
2. Each side shall pay its own costs.
This 15th day of March 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER